### In re BALSARA.

(Circuit Court, S. D. New York. May 28, 1909.)

ALIENS (§ 61*)—NATURALIZATION—CONSTRUCTION OF STATUTE—"FREE WHITE PERSONS."

Quære, whether the words "free white persons," as used in the naturalization statutes, should be held to include all branches of the Aryan race, or limited to those races who were represented in this country at the time the first naturalization statute was enacted.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 61.*

Citizenship under state and federal laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.]

Carl A. Hansemann, for petitioner.

Hugh Govern, Asst. U. S. Atty.

LACOMBE, Circuit Judge. The phrase "free white persons" must be taken as used with the same meaning in the various successive statutes in which it appears. There is much force in the argument that the Congress which framed the original act for naturalization of aliens (Act April 14, 1802, c. 28, 2 Stat. 153) intended it to include only

white persons belonging to those races whose emigrants had contributed to the building up on this continent of the community of people which declared itself a new nation, admission to the privileges of citizenship in which was by that statute sought to be restricted. No doubt such interpretation is unscientific, and, it may be, not always easy of application; but there are equally serious objections to accepting the words "white persons" as including all branches of the great race or family known to ethnologists as the Aryan, Indo-European, or Caucasian. To do so will bring in, not only the Parsees, of which race the applicant is a member, and which is probably the purest Aryan type, but also Afghans, Hindoos, Arabs, and Berbers. Individuals of those races may be desirable citizens, but it may well be doubted whether Congress intended to make citizenship here free for all of them upon merely the meager examination of qualifications and antecedents which the statutes provide for.

It seems desirable that some authoritative interpretation of this statute should be secured, and the representative of the government is prepared to appeal from an order admitting to citizenship. Therefore, since the applicant appears to be a gentleman of high character and exceptional intelligence, such an order may be entered upon his application.